**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2380
_____

IN RE: PEDRO JUAN PIZARRO,
Appellant

PEDRO JUAN PIZARRO

v.

THE OFFICE OF MERCER COUNTY SHERIFF;
JOHN A. KEMLER;
SEAN F. NAPIERKOWSKI;
MARIO UROLA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-20-cv-08735)
District Judge: Honorable Brian R. Martinotti
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on May 25, 2022

Before: KRAUSE, BIBS, and SCIRICA, Circuit Judges

(Opinion filed: June 3, 2022)
_____

_____

OPINION<sup>*</sup>

_____

PER CURIAM

Bankruptcy Rule 8009(a)(1) requires an appellant seeking review of a bankruptcy court's order to file a designation of the items to be included in the record on appeal and a statement of the issues to be presented. See Fed. R. Bankr. P. 8009(a)(1). Both the designation and the statement must be filed and served within 14 days of when (as relevant here) the notice of appeal becomes effective. Id. The District Court dismissed Pedro Juan Pizarro's appeal from the Bankruptcy Court for the District of New Jersey for failure to comply with Rule 8009(a)(1). Because we cannot determine on this record whether the dismissal was an abuse of discretion, we will vacate the District Court's judgment.

Pizarro timely appealed the bankruptcy court's order dismissing his complaint. Nearly four months later, the District Court entered its order dismissing the appeal, citing his failure to meet the requirements of Rule 8009(a)(1). Pizarro filed a motion to reinstate the appeal and, five days later, filed the purported designation and statement. The District Court denied the motion, which was in essence a motion for reconsideration, finding that it lacked jurisdiction in light of Pizarro's failure to timely comply with Rule 8009(a)(1). Pizarro appeals.

_____

<sup>*</sup> This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. We review de novo the District Court's interpretation and application of the law. See Jewelcor Inc. v. Asia Comm. Co., Ltd., 11 F.3d 394, 397 (3d Cir. 1993). We review its decision to dismiss the appeal for abuse of discretion. See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

There is no dispute that Pizarro failed to file his designation of the items to be includind in the record and a statement of the issues to be presented on appeal within the prescribed 14-day period under Rule 8009(a)(1). This failure, however, did not impact the District Court's jurisdiction to hear the appeal;[1] rather, the failure to comply with Rule 8009(a)(1) may subject an appeal to dismissal. See Fed. R. Bankr. P. 8003(a)(2) (providing that "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal"). But while the District Court's discretion to dismiss the appeal on this basis is broad, see id.; see generally Mindek, 964 F.2d at 1373, we have "repeatedly stated our preference that cases be disposed of on the merits whenever practicable." Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984); see also In re Comer, 716 F.2d 168, 177 (3d Cir. 1983) (noting that "[n]ot every failure to follow procedural rules mandates dismissal of the appeal").

In determining whether dismissal was proper, the District Court was required to consider a variety of factors, including whether a less severe sanction would have been

---

[1] The District Court therefore erred in denying the motion for reconsideration on the basis that it lacked jurisdiction. It is unclear whether that was also the basis for the underlying order.

effective.[2] See Jewelcor Inc., 11 F.3d at 397. It is unclear from the record whether the District Court recognized its authority to hear the appeal and, if so, whether it entertained any of these considerations prior to dismissing the appeal. Therefore, we cannot determine whether it properly exercised its discretion. Moreover, the District Court failed to provide Pizarro with notice and an opportunity to respond prior to the dismissal. See In re Harris, 464 F.3d 263, 265 (2d Cir. 2006) (Sotomayor, J.) (holding that the district court abused its discretion in dismissing a debtor's appeal for failure to comply with Federal Rules of Bankruptcy Procedure 8001 and 8006 (requiring without first providing notice and an opportunity to respond)).[3]

For the foregoing reasons, we will vacate the District Court's judgment and remand for the District Court to address in a reasoned opinion what sanction, if any, is an appropriate response to Pizarro's failure to comply with Fed. R. Bankr. P. 8009(a)(1).

---

[2] These factors include "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary …; (3) a history of dilatoriness; (4) whether the conduct of the party … was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted).

[3] Notably, on July 28, 2020, the Bankruptcy Clerk certified that Pizarro failed to designate the record and statement of issues presented for appeal. It appears that Pizarro did not receive notice of this certification because it was sent to the wrong address. In support of his argument in his motion for reconsideration that he did not act in bad faith, Pizarro asserted that the address listed for him on the Bankruptcy Court docket, and which was repeatedly used by the Bankruptcy Court in sending notices, was incorrect. Indeed, that address differed from the address that he listed in his filings in that Court, including the complaint, and from that which he provided to the Bankruptcy Court judge, when specifically asked for it, during a hearing on the motion to dismiss. See D.N.J. Bankr. Ct. No. 20-ap-01195, ECF No. 32 at 19. In any event, the Clerk's certification, which did not invite a response from Pizarro, is not a fair substitute for notice from the District Court that it was considering dismissal.